COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



MEMORANDUM ORDER

Appellate case name:    John Johnson, Kaleta Johnson, Seth Johnson, and Wirt Blaffer v. Michael Phillips, Spindle Top Publishing, and Phillips Akers Womac, P.C.

Appellate case number:    01-15-00173-CV

Trial court case number:    2011-14027

Trial court:    333rd District Court of Harris County

On August 31, 2015, the parties filed a "Joint Motion and Offer for Stipulation to Supplement Clerk's Record on Appeal." In this motion, the parties agree that specified exhibits to appellees' motion for summary judgment were omitted from the Clerk's Record and the Supplemental Clerk's Records. The parties agree that these exhibits were filed in the trial court but are now missing. The parties also agree to confer and use their best efforts to stipulate and agree on supplying omitted materials other than the specific exhibits identified in the motion. The parties ask this Court for leave to supplement the Clerk's Record by including the omitted exhibits. The parties state that, if leave is granted, they will file their written stipulation, attaching true and correct copies of the original exhibits before the Trial Court below.

Rule 34.5 provides the procedure for supplementing the record with documents lost or destroyed. TEX. R. APP. P. 34.5(e). This rule provides that, if a filing designated for inclusion in the clerk's record is lost, the parties may, by written stipulation, deliver a copy of that item to the trial court clerk for inclusion in the clerk's record. *Id.* If the parties are unable to agree, the trial court must–on any party's motion or at the appellate court's request–determine what constitutes an accurate copy of the missing item and order it to be included in the clerk's record or a supplement. *Id.*

Accordingly, we abate this case and remand the cause to the trial court for further proceedings. The parties are directed to deliver to the trial court clerk a written stipulation and a copy of each item for inclusion in the clerk's record or a supplement. If the parties are unable to agree on any item for inclusion in the clerk's record, the trial court shall conduct a hearing within 20 days of the date of this order at which counsel for each party shall be present.

We direct the trial court to:

1) Determine which documents, the parties are seeking to include in the clerk's record;

2) Determine if those documents were filed with the trial court clerk;

3) For any documents that were in fact filed with the trial court clerk but are now missing from the record, direct the clerk to prepare, certify, and file in this Court a supplemental clerk's record containing the documents;

4) Make any other findings and recommendations the trial court deems appropriate; and

5) Issue written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. R. APP. P. 34.5(a)(13), (c)(1), 34.6(f).

The trial court shall have a court reporter, or court recorder, record the hearing. The district clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court within 25 days of the date of this order. The court reporter is directed to file the transcript of the hearing within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: /s/ Rebeca Huddle
⊠ Acting individually    ☐ Acting for the Court

Date: September 24, 2015